UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN DOE,[1]

    Plaintiff,

v.

M&T BANK CORPORATION, *et al.*,

    Defendants.
_____

21-CV-1186-LJV
ORDER

    The pseudonymous *pro se* plaintiff, John Doe, has filed a complaint asserting claims of racial discrimination under 42 U.S.C. § 1981 and the New York State Human Rights Law against M&T Bank Corporation ("M&T"), Manufacturers and Traders Trust Company, and several M&T employees. Docket Item 1. He also brings various state law tort claims and a claim for breach of contract. *Id.* Doe has moved to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it) and has filed the required affidavit. Docket Item 2. He also has moved to proceed under a pseudonym. Docket Item 3.

    Because Doe meets the statutory requirements to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2), that motion is granted. Moreover, Doe's complaint presents "colorable claim[s]" and therefore survives screening under 28 U.S.C. § 1915(e)(2). *See Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device which is warranted only when the complaint lacks an arguable basis either in law or in

---

[1] The electronic docket names the plaintiff as ". John Doe [sic]." The Clerk of the Court shall update the plaintiff's name to match this order.

fact [or is] frivolous on its face or wholly insubstantial." (citations omitted)); see also Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (explaining that dismissal under Federal Rule of Civil Procedure Rule 12(b)(6) still may be appropriate notwithstanding a court's earlier finding that the complaint was not "frivolous" for purposes of section 1915(e)(2)).  For the reasons that follow, however, Doe's motion to proceed under a pseudonym is denied.

## BACKGROUND[2]

Doe was employed by M&T from July 2017 to June 2018.  Docket Item 1 at ¶ 10.  He alleges that during his time as an M&T employee, he was the only African American man on his floor and was subjected to "harassment and degrading, racially-animated discrimination and verbal abuse."  Id. at ¶ 7.  The severity of the harassment and discrimination, he says, took its toll on his mental and physical health—so much so that he met with a mental health counselor, sought treatment from a psychiatrist, and was prescribed anxiolytic medication.  Id. at ¶¶ 23-24.  And Doe alleges that when he complained to M&T about the discrimination, M&T terminated him and induced him into signing a separation agreement.  See id. at ¶¶ 68, 76-80; see also Docket Item 3 at 1.

## LEGAL PRINCIPLES

In federal court, "[t]he title of the complaint must name all the parties."  Fed. R. Civ. P. 10(a).  "This requirement, though seemingly pedestrian, serves the vital purpose

---

[2] The Court assumes general familiarity with the facts alleged in the complaint, Docket Item 1, and includes only the background relevant to Doe's motion to proceed under a pseudonym.

of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). In fact, "pseudonyms are the exception and not the rule," and the party seeking anonymity "must make a case rebutting" the "presumption of disclosure." *United States v. Pilcher,* 950 F.3d 39, 45 (2d Cir. 2020) (per curiam). A party meets that burden only when "the plaintiff's interest in anonymity" outweighs "the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189.

The Second Circuit has provided a non-exhaustive list of ten factors for courts to consider when determining whether a party should be permitted to proceed under a pseudonym:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations and quotation marks omitted).

After reviewing those factors and balancing the "the plaintiff's interest in anonymity" against "the public interest in disclosure and any prejudice to the defendant," *see id.* at 189, the Court declines to permit the plaintiff to proceed by pseudonym.

**DISCUSSION**

Doe's motion to proceed under a pseudonym focuses on the first, third, and fourth factors. *See* Docket Item 3. This Court therefore first addresses those three factors: "(1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; . . . (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; [and] (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age." *Sealed Plaintiff*, 537 F.3d at 190 (internal citations and quotation marks omitted). The Court then briefly looks at the other factors and whether they weigh in favor of permitting Doe to proceed by pseudonym.

**I.      FACTOR ONE: HIGHLY SENSITIVE AND PERSONAL NATURE OF MATTER**

Doe's suit involves matters of a somewhat "sensitive" and "personal nature." *Sealed Plaintiff*, 537 F.3d at 190 (factor one). Specifically, the complaint includes information regarding his medical care, *see* Docket Item 1 at ¶¶ 23-24, as well as details about the alleged harassment and racial discrimination, *see, e.g., id.* at ¶¶ 33, 38. Although many people understandably want to keep their medical conditions and treatment confidential, "[t]he fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name." *Rankin v. N.Y. Pub. Libr.*, 1999 WL 1084224, at *1 (S.D.N.Y. Dec. 2, 1999) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)); *see also Mottola v. Denegre*, 2012 WL 12883775, at *2 (S.D.N.Y. June 8, 2012) (rejecting plaintiff's argument that her "psychiatric history . . . be[ing] part of [the] case . . . outweigh[ed] the customary

presumption of openness in judicial proceedings"). As a result, the first factor weighs only slightly in Doe's favor.

## II.  FACTOR THREE: RISK OF OTHER HARMS AND LIKELY SEVERITY OF THOSE HARMS

Doe primarily argues that the third factor—the risk of other harms and the likely severity of those harms—weighs in favor of anonymity. He asserts that "the media circus that may result from publication of [his] name in this case would both irreparably harm [his] career progress and cause unnecessary distraction from [his] graduate studies." Docket Item 3 at 1.

As an initial matter, "[m]any courts are reluctant to allow a party to maintain anonymity merely to protect the person's economic or professional life." *Doe #1 v. Syracuse Univ.*, 2018 WL 7079489, at *6 (N.D.N.Y. Sept. 10, 2018), *report and recommendation adopted*, 2020 WL 2028285 (N.D.N.Y. Apr. 28, 2020) (citing *Doe I v. Individuals*, 561 F. Supp. 2d 249, 257 (D. Conn. 2008)); *see also Abdel-Razeq v. Alvarez & Marsal, Inc.*, 2015 WL 7017431, at *4 (S.D.N.Y. Nov. 12, 2015) (collecting cases) ("[C]ourts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests.").

Moreover, based on the current record, Doe's concern that his career would suffer is speculative. He has not offered support for—or even an explanation of—his assertion that "publication of [his] name . . . would . . . irreparably harm [his] career progress." *See* Docket Item 3 at 1. And courts have declined to permit parties to proceed under a pseudonym based upon similar speculative fears. *See Anonymous v. Medco Health Sols., Inc.*, 588 Fed. App'x 34, 35 (2d Cir. 2014) (finding plaintiff physician's concern that disclosure of his "personal health information" would "adversely

5

impact his patient base" to be "speculative in nature" and too "vague and far-fetched" to warrant anonymity); *Vega v. HSBC Secs. (USA) Inc.*, 2019 WL 2357581, at *1-2 (S.D.N.Y. June 4, 2019) (denying plaintiff's request to proceed under his former legal name—effectively a pseudonym—because "[n]o basis exist[ed] to presume that prospective employers would violate the law" by engaging in employment discrimination after plaintiff sued a former employer); *see also Abdel-Razeq*, 2015 WL 7017431, at *4-5 (collecting cases).

Thus, the third factor does not weigh in Doe's favor.

### III.   FACTOR FOUR: PARTICULARLY VULNERABLE TO POSSIBLE HARMS OF DISCLOSURE

Doe argues that the fourth factor also weighs in favor of anonymity. More specifically, he says that his race makes him "particularly vulnerable to the harms of disclosure" and that he fears "retaliation and reproach from an unscrupulous public." Docket Item 3 at 2. But those general, unsupported allegations again are not enough to warrant anonymity. Although the Court is sympathetic to the concerns Doe raises, Doe's reasoning would call for anonymity in virtually any case alleging racial employment discrimination. *Cf. Rankin*, 1999 WL 1084224, at *1 (denying motion to proceed under a pseudonym simply because of the medical issues involved and noting how "[o]n plaintiff's reasoning, a claim for Doe status would apply to all cases brought under the ADA."). Without more, the fourth factor does not weigh in Doe's favor.

### IV.   OTHER FACTORS

The Court now turns to the other factors raised by the Second Circuit in *Sealed Plaintiff*. Except for factor seven—whether "the plaintiff's identity has thus far been kept

6

confidential," *Sealed Plaintiff*, 537 F.3d at 190—none of the remaining factors weigh in favor of permitting Doe to proceed under a pseudonym.

The second factor—"risk of retaliatory physical or mental harm," *id.*—does not weigh in Doe's favor.  As mentioned above, Doe expresses concerns about the effect of the lawsuit on his career, but he does not assert that disclosure of his name would subject him to retaliatory physical or mental harm.

What is more, the fifth, sixth, eighth, ninth, and tenth factors all weigh against permitting Doe to proceed under a pseudonym.

Doe is challenging the actions "of private parties," not that "of the government." *Id.* (factor five).  "While suits against the government 'involve no injury to the Government's reputation,' suits against private parties 'may cause damage to their good names and reputations'—which supports denying a request to proceed anonymously." *Doe v. Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019) (citation omitted).

Along similar lines, the defendants face some prejudice "by allowing the plaintiff to press his claims anonymously." *Sealed Plaintiff*, 537 F.3d at 190 (factor six).  "[I]n assessing prejudice, courts also consider 'the damage to a defendant's reputation caused by the anonymous proceedings.'" *Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *2 (citation omitted).  And courts have found that where, as here, defendants' professionalism is a focal point of the complaint, permitting the plaintiff to make his "accusations from behind a cloak of anonymity" while the defendants must "defend[] against such allegations publicly" is prejudicial.  *Id.* (citing *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)).

Moreover, the "public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." *Sealed Plaintiff*, 537 F.3d at 190 (factor eight). Even in private civil suits, "there is a significant interest in open judicial proceedings," *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006), because "open proceedings 'further the public's interest in enforcing legal and social norms,'" *Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *2 (citation omitted).

And this is not a case in which the "public interest in knowing the litigants' identities" is "atypically weak" in light of "the purely legal nature of the issues presented." *Sealed Plaintiff*, 537 F.3d at 190 (factor nine). Doe's case does not present merely a legal issue, such as whether a particular policy is discriminatory on its face. *Cf. Does 1-2 v. Hochul*, 2022 WL 836990, at *10 (E.D.N.Y. Mar. 18, 2022) (citations omitted) (noting that "the identity of each . . . [p]laintiff[]" added little value where lawsuit "rais[ed] an abstract question of law" about the facial constitutionality of a state regulation). Rather, the focal point of Doe's suit is whether in his specific case the defendants took actions amounting to racial discrimination and other violations of state law. *Cf. id.* (finding that "factual questions" were "at issue" when plaintiffs alleged "claims under Title VII and challenge[d] private [d]efendants' actions as employers" and that such factual issues weighed against plaintiffs' anonymity).

Finally, the tenth factor—whether "there are any alternative mechanisms for protecting the confidentiality of the plaintiff," *Sealed Plaintiff*, 537 F.3d at 190—weighs in favor of disclosure. "Sealing and redacting certain documents containing sensitive information are sufficient alternatives to anonymity and, in fact, routinely done in cases involving sensitive matters." *Doe v. Solera Cap. LLC*, 2019 WL 1437520, at *8

8

(S.D.N.Y. Mar. 31, 2019) (citing *Medco Health Sols., Inc.*, 588 F. App'x at 35). Accordingly, to the extent Doe's motion to proceed by a pseudonym is premised on his concern about the disclosure of medical information or other sensitive material, there are other ways to protect that information.

In short, the balance of the factors weighs against permitting Doe to proceed by pseudonym. Although the Court is sympathetic to Doe's desire to proceed anonymously, he has not demonstrated that his interest outweighs "the public interest in disclosure and any prejudice to the defendant[s]." *See Sealed Plaintiff*, 537 F.3d 185 at 189.

## **CONCLUSION**

For the reasons stated above, Doe's motion to proceed *in forma pauperis*, Docket Item 2, is granted, and his complaint survives screening under 28 U.S.C. § 1915(e)(2). His motion to proceed under a pseudonym, Docket Item 3, however, is denied without prejudice. If Doe wishes to proceed with this lawsuit, he must refile his complaint under his own name, and he may do so within 60 days.

SO ORDERED.

Dated:   April 14, 2022
         Buffalo, New York

                                            */s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE