UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ISAIAH THOMAS NEW,

        Plaintiff,

  v.

M&T BANK CORPORATION, *et al.*,

        Defendants.

21-CV-1186-LJV
ORDER

---

The *pro se* plaintiff, Isaiah Thomas New, has sued his former employer, M&T Bank Corporation ("M&T"), and several associated entities and individuals—including M&T Deputy Counsel Arthur H. Salman—for allegedly discriminating and retaliating against him. Docket Items 1 and 6. After the defendants moved to dismiss, Docket Item 11, this Court found that New's amended complaint was subject to dismissal because New had voluntarily released his claims, Docket Item 20. Nevertheless, in light of New's *pro se* status, the Court gave him leave to "amend his complaint to add facts establishing that the agreement [releasing his claims] is not enforceable." *Id.* at 15. New then requested and received two extensions of time to amend. *See* Docket Items 21, 22, and 24. He now moves for "expedited discovery" and an extension of time to file a second amended complaint until "30 days after completion" of that discovery. Docket Item 26. The defendants oppose that motion. *See* Docket Item 27.

For the reasons that follow, New's motion for discovery is denied, but his time to file a second amended complaint is extended until 60 days from the date of this order.

**BACKGROUND**

I.   **FACTUAL BACKGROUND**[1]

New was employed by M&T from July 2017 until June 2018.  Docket Item 6 at ¶¶ 7, 10.  During that time, he experienced "daily harassment, verbal abuse[,] and racist jokes."  *Id.* at ¶ 17.  He reported the harassment to the human resources department, but neither that department nor bank attorney Salman took any meaningful action.  *Id.* at ¶¶ 20-22, 25-26, 31-32, 36-39.

On June 7, 2018, Salman told New that M&T was terminating New's employment.  *See id.* at ¶ 46.  Salman presented New with a separation agreement that "was intended to release M&T [] from any claims arising from [New's] employment."  *Id.* at ¶ 76.  New asked Salman "what [Salman] thought of the many claims" New had reported," and Salman responded, "[T]hey're all in your head."  *Id.* (emphasis omitted).

New's original deadline to sign the agreement was June 15, 2018, Docket Item 11-3 at 6, but he requested and received a five-day extension, Docket Item 6 at ¶¶ 82-83.  Although New contacted multiple attorneys during that time, he was unable to find "competent counsel" to advise him.  *Id.*  New finally signed the separation agreement on June 22, 2018, 15 days after the termination meeting.  Docket Item 11-3 at 6; *see* Docket Item 6 at ¶ 76.

---

[1] The following facts are taken from the amended complaint, Docket Item 6, and the separation agreement referenced throughout the amended complaint, Docket Item 11-3; *see Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (noting that a complaint is deemed to include any written instrument that is incorporated by reference or "integral" to the complaint).  The Court previously accepted those facts as true for purposes of the motion to dismiss, *see* Docket Item 20 at 2 n.1, and it does the same for purposes of New's motion for discovery.

In October 2021—more than three years later—New learned that he had "valid claims of racial harassment and discrimination" related to his employment at M&T. Docket Item 6 at ¶ 84. He commenced this action the next month. Docket Item 1.

## II.     THIS COURT'S PRIOR DECISION

The defendants moved to dismiss New's claims on the basis that he released those claims when he signed the separation agreement. Docket Item 11-1 at 5. In response, New argued that his claims were not barred because he "was fraudulently induced into [signing] the separation agreement." Docket Item 17 at 5. This Court then decided that New had not plausibly pleaded that he was fraudulently induced and that the agreement was otherwise enforceable. Docket Item 20.

The Court found that New's fraudulent inducement argument failed for two reasons. *Id.* at 6-10. First, New "ha[d] not plausibly alleged that Salman made a material false representation" because the statement that New's claims were "all in [his] head" was "an expression of opinion about the merit of New's potential legal claims" rather than a "misrepresentation of an existing fact." *Id.* at 6-8. Second, New had not "raise[d] a plausible inference that [he] actually relied on Salman's statement" because he attempted to consult legal counsel and took more than two weeks to sign the agreement. *Id.* at 8-10.

The Court granted New leave to "amend his complaint to add facts establishing that the agreement is not enforceable." *Id.* at 15-16. "To do that," the Court noted, "New must allege facts showing either (1) that he reasonably—and actually—relied on a material misrepresentation of fact made by the defendants *other than* Salman's

3

statement that New's claims were all in his head, or (2) that the waiver of his claims was not knowing and voluntary." *Id.* (emphasis added).

## DISCUSSION

### I.   MOTION FOR DISCOVERY

New requests "expedited discovery . . . on the limited issue of whether . . . Salman knew of the legal impact or potential legal impact of [New's] claims" so that he may "properly allege fraudulent inducement." Docket Item 26 at 1-2. More specifically, he asserts that "evidence of emails from and to Salman, meetings with [New's] chain of command, phone calls, notes taken by M&T legal counsel . . . , and targeted interrogatories will show that Salman's statement was a factual misrepresentation . . . and that [New] reasonably relied on it." *Id.* at 3.

The Court understands why New might believe that such discovery might reveal that Salman's statement was an intentional attempt to mislead him. But in addition to failing to plausibly allege that Salman made a material misrepresentation of fact, New also failed to plausibly allege that he actually and reasonably relied on Salman's statement—another required element of a fraudulent inducement claim. *See* Docket Item 20 at 8-10. And there is no way the requested discovery would bear on whether New reasonably relied on the statement. As the Court explained in its prior order:

> New did not sign the separation agreement immediately after he heard Salman's statement. In fact, New did not sign the agreement during the termination meeting or even by the original deadline M&T set. Rather, after New left the meeting, he requested and received an extension of time and contacted multiple attorneys to seek legal advice about the merits of his claim[s]. He signed the separation agreement more than two weeks after Salman made the statement that allegedly induced New to release his claims.

4

> Even viewed in the light most favorable to New, that sequence of events does not raise a plausible inference that New actually relied on Salman's statement. On the contrary, it suggests that New was skeptical of Salman's statement and felt the need to obtain an objective opinion about the merits of his potential claims from an attorney not associated with M&T. The fact that New now says he was unable to find an attorney to advise him does not change that analysis, especially because the separation agreement included an acknowledgment that New "availed" himself of his right to seek legal counsel "to the extent [he] desired."

*Id.* at 9 (citations and footnote omitted).

The Court continued: "What is more, even if New actually relied on Salman's statement, that reliance likely was not reasonable. Salman clearly was incentivized to minimize M&T's liability and discourage New from pursuing legal action, and New should have known that given his education and experience." *Id.* at 9-10 n.2 (citations omitted).

In light of that analysis, the Court disagrees with New's contention that it "found that [New] plausibly alleged most elements of [a fraudulent inducement] claim." *See* Docket Item 26 at 5. Therefore, and because the requested discovery into M&T's records does not impact whether New actually and reasonably relied on Salman's statement, New's motion for expedited discovery is denied.

## II.   EXTENSION OF TIME

New's second amended complaint originally was due by February 1, 2024. *See* Docket Item 20 at 16. He already has requested and received two extensions, and the most recent deadline for the second amended complaint was May 31, 2024. *See* Docket Items 21, 22, 24.

Because New's motion for discovery is denied, his motion for an extension until 30 days after the close of discovery is denied as moot. But the Court will grant New one

5

final extension of time to file a second amended complaint within 60 days of the date of this order.  No further extensions will be granted without a showing of good cause.

## **CONCLUSION**

In light of the above, New's motion for discovery and for an extension of time to amend until 30 days after the close of discovery, Docket Item 26, is DENIED.  New may file a second amended complaint within 60 days of the date of this order.  No further extensions will be granted without a showing of good cause.  The defendants shall respond to any second amended complaint within 21 days of the date it is filed.

SO ORDERED.

Dated:   June 13, 2024
         Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE