UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ISAIAH THOMAS NEW,

      Plaintiff,

  v.

M&T BANK CORPORATION, *et al.*,

      Defendants.

21-CV-1186-LJV
ORDER

---

The *pro se* plaintiff, Isaiah Thomas New, has moved for reconsideration of this Court's order denying him expedited discovery. Docket Item 29; *see* Docket Item 28 (order denying expedited discovery). For the reasons that follow, that motion is denied.

"As explained by the Second Circuit, 'the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Kharshiladze v. Philips*, 2021 WL 1525869, at *1 (W.D.N.Y. Apr. 19, 2021) (alterations omitted) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Id.* (quoting *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Id.* (quoting *Boyde v. Osborne*, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013)).

New first argues that he is entitled to reconsideration because the order denying expedited discovery "was issued less than 24 hours after [the d]efendants filed their opposition."  Docket Item 29 at 1-2.  After New moved for reconsideration, this Court gave him an opportunity to reply to the defendants' opposition to his motion for expedited discovery.  *See* Docket Item 30.  New then informed the Court that "a reply is unnecessary" because his "motion for reconsideration thoroughly addresses the key issues raised in the defendants' opposition."  Docket Item 31.  In light of New's opportunity to reply and his most recent filing, the timing of this Court's previous order does not justify reconsideration.

Next, New argues that this Court "failed to consider several critical facts . . . that warrant granting expedited discovery."  Docket Item 29 at 2-3.  But the Court already has considered the facts New highlights, and those facts do not change the conclusion that the discovery New seeks is immaterial to the success of his claims.  *See* Docket Item 28 at 4-5; *see also* Docket Item 20.  New also contends that "[t]he question of what constitutes reasonable reliance is not generally a question to be resolved . . . on a motion to dismiss."  Docket Item 29 at 2.  But that general proposition cannot overcome the specific facts of this case: that New took more than two weeks to seek legal advice before signing the separation agreement at issue.  In light of those facts, New "has not plausibly alleged that he reasonably relied on [defendant Arthur H.] Salman's statement."  *See* Docket Item 20 at 10.  The discovery he seeks would not change that analysis.

Finally, New argues that "discovery is crucial for establishing that the separation agreement was not entered into knowingly and voluntarily."  Docket Item 29 at 3-4.  But

New seeks discovery on the issue of whether Salman "knowingly made false representations" about the merit of New's potential claims.  *Id.*  That information is not relevant to the question of whether New voluntarily released those claims.  *See* Docket Item 20 at 10-14 (analyzing the relevant factors and concluding that New "entered into the separation agreement knowingly and voluntarily").

In sum, New has not demonstrated grounds justifying reconsideration.  His motion for reconsideration, Docket Item 29, therefore is DENIED.[1]

New's second amended complaint originally was due by February 1, 2024.  *See* Docket Item 20 at 16.  He already has received three extensions, the most recent giving him until August 12, 2024, to file a second amended complaint.  Docket Item 28 at 5-6; *see* Docket Items 22, 24.  In light of New's motion for reconsideration, the Court will extend his deadline to file a second amended complaint one final time.  New's second amended complaint is due by August 30, 2024.  As the Court warned previously, "[n]o further extensions will be granted without a showing of good cause."  Docket Item 28 at 6.  If New does not file a second amended complaint by August 30, 2024, his amended complaint will be dismissed.

---

[1] New asks "[i]n the alternative" that this Court "certify an interlocutory appeal . . . to allow the Second Circuit to address the important issues of first impression raised by [his] motion."  Docket Item 29 at 4.  The Court declines to do so.  If New does not file a second amended complaint, his case will be dismissed and he then will be able to appeal this Court's orders.

SO ORDERED.

Dated:  August 9, 2024
        Buffalo, New York


                                        /s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE