UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ISAIAH THOMAS NEW,

        Plaintiff,

    v.

M&T BANK CORPORATION, et al.,

        Defendants.

21-CV-1186-LJV
ORDER

---

      On November 2, 2021, the pro se plaintiff, Isaiah Thomas New, sued his former employer, M&T Bank Corporation, and several associated entities and individuals (collectively, the "defendants") for alleged discrimination and retaliation.  Docket Item 1.  New later amended his complaint, Docket Item 6, and the defendants moved to dismiss the amended complaint, Docket Item 11.  After New responded, Docket Item 17, this Court found that the amended complaint was subject to dismissal but granted him leave to amend, Docket Item 20.

      Before filing a second amended complaint, New moved for "expedited discovery," Docket Item 26, and this Court denied that motion, Docket Item 28.  New then moved for reconsideration or, in the alternative, for this Court to certify that order for interlocutory appeal.  Docket Item 29.  This Court denied that motion and ordered New, who by then had been given several extensions of time to amend, to file a second amended complaint no later than August 30, 2024.  Docket Item 32 at 3.[1]

---

[1] Page numbers in docket citations refer to ECF pagination.

New subsequently filed his second amended complaint, Docket Item 34, which the defendants moved to dismiss, Docket Item 36. Before that motion was fully briefed, however, New again asked this Court to reconsider its orders denying expedited discovery, as well as its decision dismissing his first amended complaint. Docket Item 37.[2] In the alternative, New sought "permission to file an interlocutory appeal" of those two orders. *Id.* at 3-4.

Instead of replying to the defendants' motion to dismiss, New also asked this Court to "expedite[] discovery" and to "toll the deadline to respond [to the defendants' motion to dismiss] until after the motion for expedited discovery is decided and any granted discovery is completed." Docket Item 40 at 1-3. The defendants opposed those motions, Docket Item 42, New did not reply, and New's time to reply now has expired, *see* Docket Item 43. For the reasons that follow, New's motions are denied, but the Court again extends his deadline to respond to the defendants' motion to dismiss.

---

[2] In his motion, New, citing health issues, also requested an extension of time to respond to the defendants' motion to dismiss his second amended complaint. Docket Item 37 at 1. The Court granted that motion and ordered New to respond by October 25, 2024. Docket Item 38. As of the date of this order, the Court has not received New's response. Nevertheless, and as noted below, the Court again extends New's time to respond.

**DISCUSSION**

I.    **MOTION FOR RECONSIDERATION**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and internal quotation marks omitted). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Kharshiladze v. Philips*, 2021 WL 1525869, at *1 (W.D.N.Y. Apr. 19, 2021) (quoting *Boyde v. Osborne*, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013)).

New has not identified any intervening change in controlling law or new evidence; instead, he provides a bullet-point list of his numerous disagreements with the Court's orders, none of which provide reason for the Court to revisit its prior orders.

The thrust of New's motion for reconsideration is that this Court "failed to consider the entire context . . . including the coercive circumstances and the power imbalance between [New] and" M&T. Docket Item 37 at 2-3. But in finding that New had not sufficiently alleged fraudulent inducement and had voluntarily waived his claims, the Court specifically and explicitly considered the totality of the circumstances *in the light most favorable to New*. *See* Docket Item 20 at 9-10 (emphasis added) (finding that

3

"[e]ven viewed in the light most favorable to New," the sequence of events alleged in his amended complaint did not state a claim for fraudulent inducement); *see also id.* at 14 ("[T]he totality of the circumstances . . . indicate that New entered into the separation agreement knowingly and voluntarily."). Moreover, this Court already gave New the opportunity to amend his complaint to address the defects identified in his claims*, see id.* at 15-16, and New took advantage of that opportunity. So if New thinks that existing caselaw merits the survival of his claims, he may make that argument in response to the defendants' motion to dismiss his second amended complaint. In other words, now that New has amended his complaint a second time to address deficiencies this Court found in a prior pleading, the question is whether the latest version survives, not whether the Court was correct in evaluating the prior version.

New also argues that the Court should reconsider its order denying expedited discovery because it did not consider his allegations of "spoliation risk" and his special "need for discovery" as a pro se plaintiff. Docket Item 37 at 3. But despite his assertions that the discovery he requests "is directly relevant to [his] fraudulent inducement claim," Docket Item 37 at 3, New does not say how that discovery would bear on the sufficiency of his second amended complaint and whether he reasonably relied on statements by defendant Arthur Salman, M&T's Deputy Counsel. *See* Docket Item 28 at 4-5; *see also* Docket Item 32 at 2 (denying reconsideration because "the discovery New seeks is immaterial to the success of his claims"). So this Court also sees no reason to revisit its decision denying New's motion for discovery.

## II.     REQUEST TO CERTIFY THIS COURT'S DECISIONS FOR INTERLOCUTORY APPEAL

"[I]f the Court declines to reconsider its January 2 and June 13, 2024[,] orders," New seeks "permission to file an interlocutory appeal" of those orders.  Docket Item 37 at 3.  Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal where the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and an interlocutory appeal would "materially advance the ultimate termination of the litigation."  "A question of law is controlling if reversal of the district court's order would terminate the action."  *Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017) (alterations and internal quotation marks omitted).  And that question of law must be one "that the reviewing court could decide quickly and cleanly without having to study the record."  *Id.*  "Interlocutory appeals are presumptively disfavored," and "even when the elements of section 1292(b) are satisfied, the district court retains unfettered discretion to deny certification."  *Garber v. Off. of Comm'r of Baseball*, 120 F. Supp. 3d 334, 337 (S.D.N.Y. 2014) (internal quotation marks omitted).

New argues that certifying these orders would "materially advance the ultimate termination of the litigation by clarifying the proper legal standards" used to evaluate fraudulent inducement and "the totality of the circumstances in the waiver context."  Docket Item 37 at 4.  But he does not identify any difference of opinion as to these standards.  Instead, he lists questions for the Second Circuit's review that are little more than assertions that that this Court's prior order dismissing his amended complaint was incorrect.  *See, e.g.*, *id.* at 4 ("Does the district court's decision . . . undermine[] the enforcement of anti-discrimination laws and chill[] employees' exercise of their statutory

5

rights[?]"). As New has not shown any difference of opinion, he has not satisfied the demanding requirements for certification of an interlocutory appeal. Moreover, the order denying New's request for expedited discovery was not a ruling on the merits of New's claims, so an interlocutory appeal and any subsequent reversal would not terminate this case; instead, it would result in the sort of piecemeal litigation that courts should avoid when deciding whether to certify an order for interlocutory review. *See Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 372-73 (S.D.N.Y. 2008); *see generally In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) ("[U]se of [the interlocutory appeal] certification procedure should be strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." (alterations, citation, and internal quotation marks omitted)).

For all those reasons, New's motion to certify an order for interlocutory appeal is denied.

## III. SECOND MOTION FOR EXPEDITED DISCOVERY

Finally, New again has moved for expedited discovery. Docket Item 40. But as was the case before, despite his lengthy discussion of his need for discovery,[3] New does not explain how that discovery would help him better plead that he reasonably

---

[3] The Court is mindful that a pro se plaintiff such as New may encounter difficulties conducting legal research. With that being said, and as the defendants have noted, *see* Docket Item 42 at 10-11, some of the cases cited by New do not contain the language he quotes or even address the issues that he says they do. For example, he provides a quote from *Hollander v. Steinberg*, 419 F. App'x 44, 46 (2d Cir. 2011), in his motion for expedited discovery, Docket Item 40 at 4. But the quote New includes does not appear anywhere in *Hollander*, an opinion that does not even involve employment discrimination and instead addresses fair use under copyright law. New is advised that he risks sanctions for any further misrepresentations of caselaw.

6

relied on Salman's statement.  *See* Docket Item 28 at 4-5 (denying New's prior motion for discovery on those grounds).  To the extent that New seeks discovery as to the "coercive circumstances surrounding the signing of the separation agreement," Docket Item 40 at 5, he does not need discovery to plead circumstances and facts involving discussions and transactions in which he participated.  What is more, discovery would not and could not change the fact that "Salman clearly was incentivized to minimize M&T's liability and discourage New from pursuing legal action, and New should have known that[.]"  Docket Item 20 at 9-10 n.2 (citations omitted).  Accordingly, and for the same reasons discussed in this Court's prior orders denying his first motion for expedited discovery and denying his motion for reconsideration of that order, Docket Items 28 and 32, New's latest request for discovery is also denied.

## **CONCLUSION**

In sum, New's motions for reconsideration, Docket Item 37, an interlocutory appeal, Docket Item 37, and expedited discovery, Docket Item 40, are DENIED.  At this point, New has requested (and received) several extensions of time from this Court.  Despite this, he has continued to file repeated motions that ignore this Court's prior decisions and deadlines, including its order directing him to respond to the defendants' motion to dismiss his second amended complaint by October 25, 2024.  *See* Docket Item 38.[4]

---

[4] That order was mailed to New but was returned as undeliverable.  Docket Item 39.  The Court's most recent order, Docket Item 43, has not been returned as undeliverable, so perhaps the return was the fault of the post office.  Nevertheless, New is reminded that, under Local Rule of Civil Procedure 5.2(d), "[a] party appearing pro se must furnish the Court with a current address at which papers may be served on the

7

The defendants argue that this failure to respond merits dismissing New's second amended complaint with prejudice. Docket Item 42 at 11. In light of New's pro se status, however, this Court will give him one more chance and extends his deadline to respond to the defendants' motion to dismiss. Now that his motion for expedited discovery has been decided, New shall respond to the defendants' motion to dismiss by **January 13, 2025.** No further extensions will be granted without an exceptional showing of good cause.

SO ORDERED.

Dated:   December 13, 2024
         Buffalo, New York

                                          */s/ Lawrence J. Vilardo*
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE

---

litigant" and that "a pro se litigant must inform the Court immediately, in writing, of any change of address." Loc. R. Civ. P. 5.2(d).